# IN THE COURT OF APPEALS OF IOWA

No. 22-0155
Filed January 11, 2023

**JENNIFER KATHERYN LENORE FISHER,**
    Plaintiff-Appellee,

**vs.**

**BRADLEY EDWIN CASNER,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, David W. Nelmark, Judge.

An ex-husband appeals from an order granting his ex-wife's motion to enforce a settlement agreement. **AFFIRMED AND REMANDED.**

Jason S. Rieper of Rieper Law, P.C., Des Moines, for appellant.

Jacob Van Cleaf of Van Cleaf & McCormack Law Firm, LLP, Des Moines, for appellee.

Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Bradley Casner appeals from an order granting his ex-wife Jennifer Fisher's motion to enforce a settlement agreement. Casner argues there was not an enforceable agreement due to a mutual mistake. However, an apparent mistake between Casner and his counsel does not constitute a mutual mistake with Fisher. Accordingly, we affirm the district court's order but remand for the court to determine a potential award of Fisher's appellate attorney fees.

## I. Background Facts and Proceedings.

In July 2020, Casner filed an application for modification of decree of custody because Fisher moved to a different town in Iowa with the parties' three minor children. The matter was set for trial in October 2021. In the week leading up to trial, Casner's counsel reached out to discuss potential settlement. On October 25, the parties believed they reached an agreement. The court entered an order the following day requiring the parties to file a stipulation and proposed decree within thirty days.

When Fisher's counsel sent a proposed stipulation, Casner realized the agreement did not reflect what he intended regarding the location to exchange the children. Since Casner refused to sign the stipulation, Fisher filed a motion to enforce their agreement on November 19. After a hearing on the matter, the court issued an order granting Fisher's motion in December. The ruling instructed Casner to sign the stipulation within seven days. Casner did so on January 4, 2022. He filed a notice of appeal on January 24.

## II. Review.

As this appeal concerns enforcement of a settlement agreement in a dissolution matter and was heard in equity, our review is de novo. *See* Iowa R. App. P. 6.907; *In re Marriage of Jones*, 653 N.W.2d 589, 592 (Iowa 2002). We give weight to the district court's factual findings and credibility determinations, though we are not bound by them. *Jones*, 653 N.W.2d at 592.

## III. Discussion.

Casner contends Fisher's motion should have failed because there was not a valid agreement to enforce. He argues there was no meeting of the minds due to a mutual mistake regarding an essential fact. *See State ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142, 150 (Iowa 2001) ("Generally, mutual mistake will render a contract voidable by the party who is adversely affected by the mistake when the parties are mistaken on a basic assumption on which the contract was made, unless the adversely affected party bears the risk of mistake."). Casner's counsel recounted that, during a phone call to discuss settlement with Fisher's counsel in October 2021, he shared Casner's desire to maintain the parties' then-current transportation arrangement and exchange location. Fisher's counsel mentioned the Pleasantville commuter lot, to which Casner's counsel agreed that sounded right and reiterated that they wanted to maintain the present arrangement. Fisher's counsel stated that Casner's counsel specifically identified the commuter lot.

In any event, Fisher's counsel sent an email recapping their discussion, which stated explicitly: "All exchanges will happen at the commuter lot south of Pleasantville unless mutually agreed otherwise in advance." Casner's counsel informed Casner that Fisher agreed to their transportation proposal, and the

parties continued negotiating other issues. Eventually, Casner's counsel wrote back, "You have a deal." When it came time to sign the stipulation, Casner claimed the terms did not reflect his intent to continue with the parties' voluntary transportation arrangement that had been in place since Fisher's move, which was that he pick up the children from the commuter lot but Fisher pick up the children from his home. The district court found there was an enforceable agreement because there was no mutual, or even unilateral, mistake between the parties. The transportation term was explicit and unambiguous. The district court also determined that Casner's counsel had the authority to bind Casner to the agreement because he was acting within the scope of his duties. Casner does not raise this issue of agency on appeal.

Fisher argues Casner's appeal is moot because the transportation issue was resolved by his voluntary execution of the stipulation after the district court's ruling. Fisher does not offer supporting authority for her contention. However, it is true that an appeal suspends enforcement of an order, and Casner already complied with the order from which he now appeals. *See Peoples Trust & Sav. Bank v. Security Sav. Bank*, 815 N.W.2d 744, 749 (Iowa 2012) ("[A] party waives appeal when it satisfies a judgment before or simultaneously with a notice of appeal."). Regardless, we affirm the district court's ruling on the merits. No mutual mistake rendered the parties' agreement voidable, so it should be enforced as ordered. *See Peak v. Adams*, 799 N.W.2d 535, 542 (Iowa 2011) (finding extrinsic evidence of one party's undisclosed, unilateral intent "cannot alter the legal effect of the unambiguous contract language").

Fisher requests that Casner be ordered to pay $3000 of her appellate attorney fees for defending the district court's decision on appeal. An award of attorney fees is a matter of our discretion and not merely a matter of course. *In re Marriage of Benson*, 545 N.W.2d 252, 258 (Iowa 1996). "We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the district court's decision on appeal." *In re Marriage of Ales*, 592 N.W.2d 698, 703 (Iowa 1999). We conclude Fisher may be entitled to appellate attorney fees but find ourselves without information concerning Casner's ability to pay or Fisher's need. We are furthermore unable to determine a reasonable sum because Fisher failed to file a fee affidavit. Accordingly, we remand the matter to the district court for development of the record and a determination of Fisher's appellate attorney fee award, if any. *See In re Marriage of Heiar*, 954 N.W.2d 464, 473–74 (Iowa Ct. App. 2020).

**AFFIRMED AND REMANDED.**